## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
### COURT FILE NO.: CV-_____

| | |
|---|---|
| Heather LaFrance, f/k/a Heather L. Koenigs, | |
| Plaintiff, | |
| vs. | |
| NCO Financial Systems, Inc. a Foreign Corporation, Litow Law Office, P.C., a Foreign Professional Corporation,  and Charles L. Litow, a natural person, | **COMPLAINT** |
| Defendants. | |
| | **JURY TRIAL DEMANDED** |

### JURISDICTION

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d) and further pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.  This action arises out of the Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA") and for Defendants' Malicious Prosecution of Plaintiff.

3.  Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

### PARTIES

4.  Plaintiff Heather LaFrance f/k/a Heather L. Koenigs (hereinafter "LaFrance" or "Plaintiff") is a natural person residing in the County of Dakota, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.  Defendant NCO Financial Systems, Inc.,  (hereinafter "NCO"), upon information and belief, is a foreign corporation operating from an address of 507 Prudential Road,

Horsham, Pennsylvania 19044, whose principal business is collecting debts, and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Litow Law Office, P.C. (hereafter "Law Office"), upon information and belief, is a foreign professional corporation that operates as a law firm from an address of 1847 East Avenue Northeast, Cedar Rapids, Iowa 52402, whose principal business is collecting debts and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant Charles L. Litow (hereafter "Litow"), upon information and belief, is a natural person who was employed at all times relevant herein by Law Office, and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff allegedly incurred a financial obligation with WFNNB, which was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

9. Sometime on or before September 15, 2006, the alleged debt was consigned, placed or otherwise transferred to NCO for collection from Plaintiff. *See* Exhibit 1.

### *Iowa Lawsuit*

10. On or about August 18, 2008, Defendants Law Office, Litow and NCO filed a Complaint against Plaintiff in Iowa District Court for Mitchell County Small Claims Division in an attempt to collect the alleged debt. *See* Exhibit 2.

11. On or about August 18, 2008, Defendants Law Office and Litow attempted to serve Plaintiff with the Complaint at an address of 2616 465th Street, Stacey, Iowa 50476, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692(a)(2).

12.     Defendants Law Office and Litow left the Complaint with Plaintiff's family members, who reside at the address of 2616 465th Street, Stacey, Iowa 50476.

13.     By leaving the Complaint with Plaintiff's family members Defendants Law Office and Litow violated the FDCPA because they wrongfully disclosed the debt to a third party.

14.     Plaintiff does not and has not resided at the address of 2616 465th Street, Stacey, Iowa 50476; nor had she lived in the State of Iowa for more than two years prior to Defendants Law Office, Litow and NCO's commencement of the lawsuit.

15.     Defendants Law Office, Litow, and NCO did not have jurisdiction over Plaintiff in the State of Iowa because Plaintiff resided and had resided in the State of Minnesota for more than two years.

16.     Based upon information and belief, Defendants Law Office, Litow, and NCO had notice that Plaintiff did not reside in the State of Iowa and therefore, Defendants commenced a law suit in an inconvenient forum in violation of the FDCPA.

17.     Based upon information and belief, the alleged debt was charged off in September 2001 and Plaintiff had not made any payments on the debt or otherwise re-affirmed the debt since it was charged off and therefore any attempts to collect the alleged debt were barred by the Minnesota's Six Year Statute of Limitations and by Iowa's Five Year Statute of Limitations.  *See* Exhibit 3.

18.     On or about October 10, 2008, Plaintiff appeared in Iowa District Court Small Claims Division and Defendants Law Office, Litow and NCO, did not appear in court.  The Judicial Magistrate dismissed Defendant NCO's claim against Plaintiff because Defendants Law Office, Litow, and NCO did not appear in court.  *See* Exhibit 4.

19.    Plaintiff had to drive from 15804 Gooseberry Way, Apple Valley, Minnesota 55124-5129 to Iowa District Court Small Claims Division to defend Defendant NCO's lawsuit against Plaintiff and had to take time off of work to defend Defendant NCO's lawsuit.

*Summary of FDCPA Violations*

20.    Defendants efforts, attempts and communications, as more fully described herein, constitute a violation of numerous and multiple provisions of the FDCPA, including, but not limited to, 15 U.S.C. § 1692c(a)(1) specifically, § 1692c(b) specifically, § 1692d generally, § 1692e generally, § 1692e(2)(A) specifically, § 1692e(2)(B) specifically, § 1692e(5) specifically, § 1692e(8) specifically, § 1692e(10) specifically, § 1692f generally, § 1692f(1) specifically.

21.    Plaintiff has suffered actual damages as a result of these illegal collection efforts and communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment, amongst other negative emotions.

22.    Plaintiff has incurred out-of-pocket expenses as a result of these illegal collection efforts.

**Respondeat Superior Liability**

23.    The acts and omissions of Defendants Law Office and Litow employed as agents by Defendant NCO who communicated with Plaintiff, as more fully described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant NCO.

24.    The acts and omissions by Defendants Law Office and Litow were incidental to, or of the same general nature as, the responsibilities the agent was authorized to perform by Defendant NCO in collecting consumer debts.

25.    By committing these acts and omissions against Plaintiff, Defendants Law Office and Litow were motivated to benefit their principal, Defendant NCO.

26.    Defendant NCO is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including by not limited to violations of the FDCPA, Minnesota law and Iowa law in their attempts to collect this alleged debt from Plaintiff.

## TRIAL BY JURY

27.    Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

28.    Plaintiff incorporates paragraphs 1 through 27 as though fully stated herein.

29.    The foregoing acts of the Defendants constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 et. seq.

30.    As a result of said violations, Plaintiff has suffered actual damages in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

31.    As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

32.    As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from each and every Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

## COUNT II

## MALICIOUS PROSECUTION

33.    Plaintiff incorporates paragraphs 1 through 32 as though fully stated herein.

34.    Defendants Law Office, Litow, and NCO instigated an unjustifiable and unreasonable civil action upon Plaintiff.

35.    The state court lawsuit brought by Defendants Law Office, Litow, and NCO against Plaintiff was without probable cause and had no reasonable grounds on which to base a belief that the plaintiff therein would prevail on the merits.

36.    The state court lawsuit brought by Defendants Law Office, Litow, and NCO against Plaintiff was instituted and prosecuted with malicious intent because Defendants did not have jurisdiction and commenced a legal proceeding in the wrong forum.

37.    The state court lawsuit brought by Defendants Law Office, Litow and NCO against Plaintiff was ultimately terminated in favor of the Plaintiff.

38.    Plaintiff is entitled to actual and compensatory damages from Law Office, Litow and NCO for willfully initiating and continuing a wrongful civil action against her and thereby inflicting anxiety, fear, and emotional distress on Plaintiff, as more fully alleged herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

## COUNT I: FDCPA VIOLATIONS

- For declaratory and injunctive relief;

- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against each Defendant;

- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendants, for Plaintiff herein;

- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against each and every Defendant herein in an amount to be determined at trial;

## COUNT II: MALICIOUS PROSECUTION

- for an award of actual and compensatory damages against Defendants Law Office, Litow, and NCO, for emotional distress suffered and out-pocket-expenses incurred as a result of the FDCPA violations and malicious prosecution in an amount to be determined at trial; and,

- for such other and further relief as may be just and proper.

## SUCH OTHER RELIEF

- For such other and further relief as may be just and proper.

Dated: August 14th, 2009.          MARSO AND MICHELSON, P.A.


By: ___s/ William C. Michelson_____
        William C. Michelson
        Attorney for Plaintiff
        Attorney I.D. No.: 129823
        3101 Irving Avenue South
        Minneapolis, Minnesota 55408
        Telephone: 612-821-4817